IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RONALD FAULKNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:07CV281** |
| vs. | ) | |
| | ) | **REPORT AND** |
| **HOVEROUND CORPORATION,** | ) | **RECOMMENDATION** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the motion (Doc. 30) of attorney Casey Quinn for leave to withdraw as plaintiff's counsel, as the plaintiff died and no personal representative has been appointed. Consequently, Mr. Quinn no longer has the authority to represent the plaintiff in this matter.

In response, the defendant filed an Objection and Motion to Dismiss (Doc. 33) noting that the parties' planning conference was continued several times at the plaintiff's request, and the court has not yet been able to enter a final progression order even though the case has been pending for over 18 months.

Rule 25 of the Federal Rules of Civil Procedure, governing the substitution of parties, provides:

(a) Death.

(1) Substitution if the Claim Is Not Extinguished.

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The facts related in the defendant's Objection and Motion to Dismiss (Doc. 33) and the defendant's supporting brief (Doc. 34) are consistent with the court's recollection of the discussion had during the November 20, 2008 telephone conference. In this instance, the death was disclosed to the court and opposing counsel during the telephone conference on November 20, 2008. Specifically, Mr. Quinn advised that the plaintiff had died on October 4, 2008. The planning conference was continued to February 9, 2009 to allow plaintiff's family to decide whether to procure the appointment of a Personal Representative to proceed with the case. On February 9, Mr. Quinn advised that the family had not opened an estate and the plaintiff's

daughter had chosen not to proceed; however, plaintiff's three adopted sons were not contacted in this regard.

Defendant argues the case should be dismissed pursuant to Fed. R. Civ. P. 41(b), which provides:

> (b)   Involuntary Dismissal; Effect.
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Under NECivR 41.1, "[t]he court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence."

Considering the length of time the case has been pending, the overall lack of activity in the case, the death of the plaintiff over four months ago, and the fact that no estate has been opened and no personal representative appointed, the court finds that the defendant's request for dismissal has considerable merit. It does not appear that the plaintiff's family intends to pursue these claims in a timely manner, if at all.

For these reasons,

**IT IS RECOMMENDED:**

1.   that counsel's Motion to Withdraw (Doc. 30) be granted, and

2.   that defendant's Motion to Dismiss (Doc. 33) be granted, and that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and NECivR 41.1 for failure to prosecute.

**DATED February 18, 2009.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**