IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD FAULKNER, | ) | CASE NO. 8:07CV281 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND |
| | ) | ORDER OF DISMISSAL |
| HOVEROUND CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge F.A.Gossett (Filing No. 36) recommending that the Motion to Withdraw filed by Plaintiff's counsel (Filing No. 30) be granted and that the Defendant's Motion to Dismiss (Filing No. 33) also be granted. No Statement of Objection to the Report and Recommendation, as allowed by 28 U.S.C. § 636(b)(1) and NECivR 72.3(a), was filed by either party.

Having reviewed the record and considered the Magistrate Judge's recommendation, *de novo*, the Court concludes that the facts set forth in the Report and Recommendation should be adopted; Plaintiff's counsel should be permitted to withdraw from this action; and the action should be dismissed pursuant to Fed. R. Civ. P. 41(b) and NECivR 41.2 for failure to prosecute.

Although the Plaintiff is now deceased, and it appears highly unlikely that any representative of the Plaintiff's estate will pursue the claim presented in this action, the Court concludes that the dismissal should be without prejudice. Dismissal of an action under Fed. R. Civ. P. 41(b) with prejudice "is a drastic sanction which should be exercised sparingly because the effect of such an order is to forever deny a plaintiff access to the courts for the impartial resolution of potentially meritorious claims." *Haley v. Kansas City*

*Star*, 761 F.2d 489, 491 (8th Cir. 1985)(citing *Darms v. McCulloch Oil Corp.*, 720 F.2d 490, 491 (8th Cir. 1983)).  Dismissal of the action for failure to prosecute is only appropriate where there has been "a clear record of delay or contumacious conduct by the plaintiff." *Id.* (citing *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)).  To support dismissal with prejudice, the record should indicate not only that a plaintiff's attorney failed to prosecute the case, but also that the plaintiff was directly involved in the delay or noncompliance with a court order.  *Id.*  The Defendant herein does not argue that the Plaintiff or any successor in interest played a role in the delay of these proceedings.

Accordingly,

IT IS ORDERED:

1. The Report and Recommendation (Filing No. 36) is adopted, with the exception that the dismissal will be without prejudice;

2. The Motion to Withdraw submitted by Plaintiff's Counsel (Filing No. 30) is granted;

3. Defendant's Motion to Dismiss (Filing No. 33) is granted; and,

4. The Complaint is dismissed, without prejudice.

DATED this 31st day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge